UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GRISEL GONZALEZ**<br>    Plaintiff<br><br>v.<br><br>**FARMINGTON AUTO PARK, LLC AND**<br>**CREDIT ACCEPTANCE CORPORATION**<br>    Defendants | CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>APRIL 8, 2013 |

## COMPLAINT

1. This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract ("the Contract"). Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from Defendants Farmington Auto Park, LLC ("Farmington"), and Credit Acceptance Corporation ("CAC"). The Plaintiff claims that Farmington violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat. § 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"). Plaintiff also asserts claims against defendant CAC for its liability as holder of the Contract.

2. Plaintiff is a natural person residing in New Britain, Connecticut.

3. Defendant Farmington is a Domestic Limited Liability Company that operates an automobile dealership in Plainville, Connecticut.

4.     Defendant CAC is a Michigan corporation that accepts assignment of motor vehicle sales contracts.

5.     Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.     This court has jurisdiction over Farmington because it is incorporated in this state and regularly conducts business in this state.

7.     This court has jurisdiction over CAC because it regularly conducts business in this state.

8.     Venue in this court is proper, because Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

9.     In or around early February 2013, Plaintiff visited Farmington's website during her search for a Vehicle to purchase.

10.    Following her search of Farmington's website, Plaintiff visited Farmington and elected to purchase a 2004 Toyota Sienna LTD ("the Vehicle").

11.    Prior to her agreement to purchase the Vehicle, Plaintiff had seen the Vehicle advertised on Farmington's website for a price of $11,995.

12.    On or around February 6, 2013 Plaintiff purchased the Vehicle, but the cash price had increased to $13,850.00.

13.    The additional cost of the Vehicle was an incident of financing, and Farmington charged her more for the Vehicle than would have been charged in a cash transaction.

14. Additionally, Farmington added Guaranteed Asset Protection ("GAP") insurance and a vehicle service contract to the transaction, at a combined cost of $2,329.01, despite the fact that Plaintiff did not request or desire those services.

15. Plaintiff paid a down payment of $5,000 and financed the balance of the sale price pursuant to the Contract that was subsequently assigned to CAC.

16. The Contract did not disclose the $1,855 price differential between the advertised price and the cash price at the time of sale as a finance charge.

17. At the time she signed the Contract, Farmington failed to provide Plaintiff with a copy of the Contract's Truth-In-Lending disclosures in a form that she could keep, in violation of TILA.

18. Farmington has also violated TILA by inaccurately disclosing the annual percentage rate and the finance charge due to its improper inclusion of the $1,855 additional cost of purchase, which was an incident of credit, as part of the amount financed.

19. Farmington further violated TILA by failing to provide Plaintiff with the Contract's Truth in Lending disclosures in a form that she could keep at the time of the signing of the Contract.

20. For Farmington's violations of TILA, Plaintiff is entitled to her damages, plus statutory damages of $2,000, and attorney's fees and costs pursuant to 15 U.S.C. § 1640(a).

21. Farmington's violations of TILA also amount to a violation of RISFA, which expressly incorporates the requirements of TILA.

22. Farmington's actions, as aforedescribed, constitute unfair and deceptive acts in violation of CUTPA.

23. Specifically, Farmington's refusal to sell the Vehicle for the advertised price of $11,995 was in violation of Conn. Agencies Reg. § 42-110b-28(b)(1); a *per se* violation of CUTPA.

24. Farmington further violated CUTPA by failing to provide Plaintiff with a copy of the GAP agreement or the first page of the service contract, which agreement and page contained information that would have informed her of her right to cancel the GAP agreement and the service contract without penalty; Plaintiff was unaware of that right or the inclusion of those unwanted contracts until she retained legal counsel.

25. As a result of Farmington's conduct, Plaintiff has suffered an ascertainable loss, including, but not limited to, an increased purchase price, increased monthly payments, and deprivation of information that she was entitled to receive under the law.

26. For Farmington's violations of CUTPA, plaintiff is entitled to her damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat § 42a-110g.

27. On March 14, 2013 Plaintiff, through counsel, provided CAC with written notice of her claims.

28. CAC has continued to retain the benefits, proceeds, profits or advantages accruing from the underlying RISFA and TILA violations notwithstanding its receipt of notice of Plaintiff's claims.

29. Pursuant to Conn. Gen. Stat § 36a-786, CAC is barred from recovery of any finance, delinquency or collection charge under the contract.

5

69. Pursuant to the terms of the contract, CAC is liable to Plaintiff for all claims asserted under the Contract up to the amounts paid under the contract, and because CAC was provided with written notice of Plaintiff's claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiff claims**, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual and punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering Farmington to cease and desist from engaging in unfair and deceptive trade practices; and such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Farmington and/or CAC.

          **PLAINTIFF GRISEL GONZALEZ,**

By: /s/ Hailey R. Gallant
    Daniel S. Blinn, ct02188
    Hailey R. Gallant, ct29150
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com